IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDIANA FEDERAL COMMUNITY DEFENDERS<br>111 Monument Circle, Ste. 3200<br>Indianapolis, IN 46204,<br><br>CHARLES HALL, Reg. No. 03766-036<br>Federal Medical Center Butner<br>P.O. Box 1600<br>Butner, NC 27509,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>FEDERAL BUREAU OF PRISONS<br>320 First Street NW<br>Washington, DC 20535,<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

The Indiana Federal Community Defenders ("IFCD") and Charles Hall ("Mr. Hall") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, for declaratory, injunctive, and other appropriate relief brought by the Plaintiffs against the United States Department of Justice ("DOJ") and Federal Bureau of Prisons ("BOP") (collectively, "Defendants").

1

2. By this action, Plaintiffs seek to compel Defendants to comply with their obligations under FOIA and PA to release records that IFCD requested pertaining to IFCD's client, Mr. Hall.

**PARTIES**

3. Plaintiff IFCD is a community defender organization. Pursuant to the Southern District of Indiana's Criminal Justice Act plan, IFCD serves as the federal defender organization for the Southern District of Indiana. In addition to representing individuals charged with crimes in the Southern District of Indiana, IFCD also houses a Capital § 2255 Unit, dedicated to representing individuals on federal death row in collateral attacks of their convictions and sentences pursuant to 28 U.S.C. § 2255. IFCD is incorporated under Indiana state law and is organized as a nonprofit under section 501(c)(3) of the Internal Revenue Code. IFCD's office is located in Indianapolis, Indiana.

4. Plaintiff Hall is an adult individual currently in BOP custody at the Federal Medical Center in Butner, North Carolina. He is IFCD's client.

5. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) that has possession, custody, and/or control of the records which Plaintiff seeks. Its headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

6. Defendant BOP is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. BOP has possession, custody, and/or control of the records which Plaintiff seeks. Its headquarters is located at 320 First Street, N.W., Washington, D.C. 20534.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g), and 28 U.S.C. § 1331.

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5).

**FACTUAL BACKGROUND**

9. The United States District Court for the Western District of Missouri appointed IFCD's § 2255 Unit Chief Angela Elleman, along with attorney Keith O'Connor, to represent Mr. Hall in post-conviction proceedings. *See* Ex. 1.

10. Mr. Hall was convicted and sentenced to death for murdering a fellow inmate while both were incarcerated at the mental health unit of the BOP facility USMC Springfield. *See* Ex. 2; Ex. 3.

11. On June 3, 2021, IFCD submitted a FOIA/PA request seeking Mr. Hall's BOP records. Along with this request, IFCD submitted a Certification of Identity signed by Mr. Hall authorizing BOP to release information to IFCD. *See* Ex. 4.

12. On June 9, 2021, BOP acknowledged IFCD's request and assigned it request number 2021-04921. *See* Ex. 5.

13. On June 10, 2021, BOP granted expedited processing of IFCD's request (no. 2021-04921). *See* Ex. 6.

14. In approximately September 2021, Mr. Hall was admitted to an outside hospital and, in approximately December 2021, Mr. Hall was transferred from federal death row at

USP Terre Haute to FMC Butner, a medical center, because he needs more advanced medical care than USP Terre Haute is equipped to provide.

15. On December 20, 2021, IFCD submitted a second FOIA/PA request, also seeking Mr. Hall's BOP records, and requested expedited processing. Along with this request, IFCD submitted a Certification of Identity signed by Mr. Hall authorizing BOP to release information to IFCD. IFCD submitted the second request because of the importance of Mr. Hall's recent records, especially recent medical records. This request was intended to ensure that IFCD received records since June 3, 2021 (the date of IFCD's earlier FOIA/PA request) and it specified that IFCD was seeking records from any outside hospitals where Mr. Hall received treatment while in BOP custody. *See* Ex. 7.

16. On December 21, 2021, BOP acknowledged IFCD's second request and assigned it request number 2022-01478. *See* Ex. 8.

17. IFCD has been in touch with the BOP several times to try to ascertain when BOP will produce Mr. Hall's records, but BOP has not given any estimate. *See* Ex. 9.

18. While it is always important for attorneys representing individuals sentenced to death to obtain their clients' institutional records, it is particularly crucial for IFCD to have Mr. Hall's BOP records because the crime he was convicted of occurred in a BOP facility and because of Mr. Hall's serious health problems.

19. It has been 342 days (over eleven months) since BOP acknowledged IFCD's first FOIA/PA request for Mr. Hall's records (no. 2021-04921) and 147 days (approximately five months) since BOP acknowledged IFCD's second FOIA/PA request for Mr. Hall's records (no. 2022-01478).

20. To date, no records have been produced in response to these FOIA/PA requests to the BOP.

## CAUSES OF ACTION

**Count 1: Violation of FOIA (5 USC § 552) for Wrongful Withholding of Agency Records (All Defendants)**

21. Plaintiffs repeat and reallege the foregoing paragraphs.

22. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

23. IFCD properly requested records within the possession, custody, and control of the Defendants.

24. IFCD's FOIA/PA requests complied with all applicable regulations regarding the submission of FOIA/PA requests.

25. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

26. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of its FOIA/PA requests, or is deemed to have exhausted them because the Defendants failed to comply with applicable time limit provisions.

27. Defendants have wrongfully withheld the requested records from IFCD.

28. Plaintiffs are entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 2: Violation of FOIA for Failure to Comply with Statutory Deadlines (All Defendants)**

29. Plaintiffs repeat and reallege the foregoing paragraphs.

30. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

31. IFCD properly requested records within the possession, custody, and control of the Defendants.

32. IFCD's FOIA/PA requests complied with all applicable regulations regarding the submission of FOIA/PA requests.

33. Defendants failed to make a determination regarding IFCD's requests within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

34. The failure of Defendants to make a determination with respect to IFCD's FOIA/PA requests with FOIA's statutory deadlines violates their obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

35. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

36. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of its FOIA/PA requests, or is deemed to have exhausted them because Defendants failed to comply with applicable time limit provisions.

37. Plaintiffs are entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 3: Violation of the Privacy Act for Wrongful Withholding of Agency Records (All Defendants)**

38. Plaintiffs repeat and reallege the foregoing paragraphs.

39. Defendants are agencies subject to PA. 5 U.S.C. § 552a(a).

40. IFCD properly requested records within the possession, custody, and control of the Defendants.

41. IFCD's FOIA/PA requests complied with all applicable regulations regarding the submission of FOIA/PA requests.

42. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of its FOIA/PA requests.

43. Defendants have wrongfully withheld the requested records from IFCD.

44. Plaintiffs are entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

Wherefore, Plaintiffs pray for the following relief:

A. Declare Defendants' failure to comply with FOIA and PA to be unlawful;

B. Declare that IFCD is entitled to disclosure of the requested records;

C. Order Defendants to conduct searches reasonably calculated to identify all records responsive to IFCD's records requests;

D. Order Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to IFCD's requests that are not specifically exempt from disclosure under FOIA, including any non-identical copies of any such records;

E. Order Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to IFCD's requests that IFCD is entitled to under PA, including any non-identical copies of any such records;

F. Enjoin Defendants from withholding all records or portions thereof responsive to IFCD's records requests that may not be withheld under FOIA and/or PA;

G. Declare that the failure of Defendants to provide a timely determination in response to the Requests violates their obligations under FOIA and PA;

H. Award IFCD reasonable attorneys' fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

I. Provide such other further relief as the Court may deem just and proper.

Dated May 17, 2022                                  Respectfully submitted,

/s/ F. Italia Patti
F. Italia Patti (IN Bar No. 34725-02)
Joshua B. Pickar (NY Bar No. 5579768)
Indiana Federal Community Defenders
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org
josh_pickar@fd.org
Attorneys for Plaintiffs